IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEUTIAN CAPITAL PARTNERS, LLC ) | | |
| 100 Wall Street, Suite 900, New York, NY 10005 ) | | |
| ) | | |
| Plaintiff ) | COMPLAINT | |
| ) | | |
| v. ) | Civil Action No. | |
| THOMAS E. PEREZ, sued in his ) | | |
| official capacity, ) | | |
| Secretary, ) | | |
| United States Department of Labor ) | | |
| 200 Constitution Ave., N.W. ) | | |
| Washington, D.C. 20210; ) | | |
| ) | | |
| and ) | | |
| ) | | |
| UNITED STATES DEPARTMENT OF LABOR ) | | |
| 200 Constitution Ave., N.W. ) | | |
| Washington, D.C. 20210; ) | | |
| ) | | |
| and ) | | |
| ) | | |
| ADMINISTRATOR, ) | | |
| United States Department of Labor ) | | |
| Employment Standards Administration ) | | |
| Wage and Hour Division ) | | |
| United States Department of Labor, ) | | |
| 200 Constitution Ave., N.W. ) | | |
| Washington, D.C. 20210; ) | | |
| ) | | |
| and ) | | |
| ) | | |
| WAGE AND HOUR DIVISION ) | | |
| United States Department of Labor ) | | |
| Employment Standards Administration ) | | |
| United States Department of Labor, ) | | |
| 200 Constitution Ave., N.W. ) | | |
| Washington, D.C. 20210; ) | | |
| ) | | |
| Defendants ) | | |

# COMPLAINT

Plaintiff Aleutian Capital Partners LLC ("Aleutian Capital Partners") brings this action under Section 702 of the Administrative Procedures Act, 5 U.S.C.A. § 702, seeking judicial review of a Final Decision and Order of the Administrative Review Board ("ARB") for the defendant Department of Labor, Wage and Hour Division ("DOL") issued on June 1, 2016, and states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Aleutian Capital Partners is a company incorporated and existing under the laws of the State of New York with its principal place of business at 100 Wall Street, Suite 900, New York, NY 10005.

2. Defendant Thomas E. Perez, in his official capacity as the Secretary of the Department of Labor is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

3. Defendant Department of Labor is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

4. Defendant Administrator of the Wage and Hour Division of the Employment Standards Administration is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

5. Defendant Wage and Hour Division of the Employment Standards Administration is a proper defendant to this action for review of the decision of the Department of Labor pursuant to 5 U.S.C.A. § 703.

6. This action is an appeal of the final decision and order of the ARB, therefore jurisdiction lies in the United States District Court pursuant to the Administrative Procedure Act, 5 U.S.C.A. § 704, and pursuant to 28 U.S.C.A § 1331.

7. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.A. § 1391(e).

## FACTUAL BACKGROUND

8. Aleutian Capital Partners is a private equity investment group that invests in and acquires privately-owned companies in North America.

9. On or about January 14, 2013, Shakir Gangjee, a non-immigrant Financial Analyst from India, submitted an aggrieved party complaint with the DOL pursuant to 20 CFR §655.806(a), alleging Aleutian Capital Partners failed to pay him the wage required under 20 CFR § 655.731(c).

10. The Wage and Hour Division ("Wage and Hour") of the DOL investigated Aleutian Capital Partners solely on the basis of Mr. Gangjee's aggrieved party complaint.

11. After the investigation of Mr. Gangjee's aggrieved party complaint, the Administrator of Wage and Hour ("Administrator") issued a determination asserting that Aleutian Capital Partners had committed Labor Condition Application ("LCA") violations.

12. The violations asserted by the Administrator encompassed not just those set forth in Mr. Gangjee's aggrieved party complaint but extended to one other Aleutian Capital Partners employee, as well as violations well beyond the scope of Mr. Gangjee's complaint and outside the Administrator's twelve-month jurisdiction limit.

13. The Administrator ordered Aleutian Capital Partners to pay back wages in the amount of $22,713.30 to 2 H-1B employees.

14. Aleutian Capital Partners requested a hearing before a Department of Labor Administrative Law Judge ("ALJ"), after which, the ALJ issued a Decision and Order dated July 9, 2014, upholding the Administrator's determinations.

15. Aleutian Capital Partners appealed the ALJ's order to ARB, which issued a Final Decision and Order on June 1, 2016, which is attached hereto as Exhibit 1.

16. The ARB affirmed the Administrative Law Judge's order that Aleutian Capital Partners pay back wages in the amount of $22,713.30 to 2 H-1B employees. No further administrative remedies are available to Aleutian Capital Partners.

## COUNT I

## DECLARATORY JUDGMENT

17. Aleutian Capital Partners incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

18. As a salaried employee of Aleutian Capital Partners, Mr. Gangjee's compensation fell under the provisions of 20 CFR §655.731(c)(4), which provides that wages are due in prorated installments paid no less often than monthly, but permits the use of some other form of nondiscretionary payment to supplement the employee's regular/pro-rata pay in order to meet the required wage obligation.

19. The definition of a nondiscretionary bonus is contained in The Fair Labor Standards Act ("FLSA") at 29 U.S.C.A. § 207(e)(3)(a) and in Department of Labor regulations at 29 CFR §778.211.

20. At the time of hire, Mr. Gangjee was promised a nondiscretionary bonus of 3 percent of any revenues earned and received by Aleutian Capital Partners as part of his regular pay. The bonuses were automatically calculated at 3% of any revenues earned and received by

4

Aleutian Capital Partners, and paid on the next normal salary payment date in accordance with Respondent's regular payroll practices.

21. The Administrator's Investigator calculated that for the calendar year 2012, Mr. Gangjee was owed $49,370.99 by Aleutian Capital Partners.

22. The Administrator's Investigator also calculated that Aleutian Capital Partners paid Mr. Gangjee $57,509.00 for the calendar year 2012.

23. By the Administrator's calculation, Mr. Gangjee was compensated in excess of the amount required on the Labor Condition Application for the calendar year 2012.

24. Even though Mr. Gangjee was paid in excess of the required compensation, the Administrator claimed that Mr. Gangjee was owed $19,776.29, alleging that Mr. Gangjee was required to be paid his salary and bonuses in equal monthly installments, and that bonus payments to Mr. Gangjee were "contingent" bonuses, and therefore excluded from the required wage obligation.

25. Department of Labor regulations at 20 CFR §655.731(c)(2)(a)-(e) and 20 CFR §655.731(c)(4) state that income treated as earnings for income tax and FICA purposes, and reported on the W-2 are wages for H-1B purposes.

26. Moreover, 20 CFR §655.731(c)(4) permits the use of nondiscretionary payments to supplement the employee's regular/pro-rata pay in order to meet the required wage obligation, and the regulation specifically cites as an example a "quarterly production bonus", which by its definition, is paid quarterly, not monthly. The bonus payments to Mr. Gangjee were promised at the time of hire, and meet the definition of a non-discretionary bonus under the FLSA and Department of Labor Regulations.

5

27. The ARB affirmed the Administrative Law Judge's order that the Administrator was entitled to summary decision against Aleutian Capital Partners claiming that there was no genuine issue of material fact.

28. To be entitled to summary decision, the Administrator is required to establish "that there is no genuine dispute as to any material fact and the movant is entitled to decision as a matter of law." 29 CFR § 18.72(a). Here, even a cursory review of the facts and the agency's regulations show multiple errors and disputes. A grant of summary decision to the Administrator is grossly inappropriate.

29. The Administrator conceded that the compensation of $57,509.00 paid by Aleutian Capital Partners to Mr. Gangjee in 2012 "exceeded the amount required by the LCA".

30. The Administrator further conceded that the non-discretionary bonus payments are "considered to be wages paid" for H-1B purposes.

31. The Administrator's concession settles that there was no underpayment in 2012, and therefore the Administrator was not entitled to summary decision as a matter of law.

32. The Court should invalidate the ARB's Order because it is it is in excess of statutory authority, it is not in accordance with the law, it is unsupported by substantial evidence, and it is arbitrary, capricious, and an abuse of discretion.

33. Aleutian Capital Partners seeks a declaratory judgment that the DOL acted without authority in determining that Aleutian Capital Partners owed back pay to Mr. Gangjee where the Administrator determined that he was paid in excess of the required wage for 2012 and Aleutian Capital Partners is, therefore, not obligated to pay back wages to Mr. Gangjee.

WHEREFORE, Plaintiff Aleutian Capital Partners LLC, respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the Department of Labor acted outside

its statutory authority in determining Aleutian Capital Partners owes back pay to Mr. Gangjee for the calendar year 2012 and, therefore, Aleutian Capital Partners is not obligated to pay any such back wages. Aleutian Capital Partners further requests an award of its costs under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) & 5 U.S.C.A. § 504 et seq., and such other relief as the court shall deem appropriate.

## COUNT II

## DECLARATORY JUDGMENT

34. Aleutian Capital Partners incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

35. The Administrator initiated an investigation into Aleutian Capital Partners based solely on the aggrieved party complaint filed by Mr. Gangjee.

36. The authority to investigate into an aggrieved party complaint is governed by 8 U.S.C.A. § 1182(n)(2)(A).

37. Mr. Gangjee's complaint did not allege an H-1B violations pertaining to anyone other than himself.

38. In the course of its investigation into Mr. Gangjee's aggrieved party complaint, the Administrator's investigator looked into matters pertaining to other employees.

39. The investigation into H-1B violations other than those related to Mr. Gangjee's aggrieved party complaint was not authorized under the aggrieved party investigatory provisions and the Administrator relied on no other authority for this investigation.

40. While the Administrator's authority to investigate is not limited to aggrieved party complaints, this authority, and its requirements and limits, are specifically set forth by

statute and regulations. For example, the provisions of 8 U.S.C.A. §§ 1182(n)(2)(G)(ii)-(viii) and the Department of Labor's implementing regulations found at 20 C.F.R. § 655.807 provide for investigations based on "specific credible information" from a "reliable source".

41. Pursuant to the implementing regulations, an investigation under 8 U.S.C.A. § 1182(n)(2)(G)(ii) may not proceed absent notice to the employer of the alleged violations and an opportunity for the employer to respond.

42. Nor, pursuant to the implementing regulations, may an investigation under 8 U.S.C.A. § 1182(n)(G)(ii) proceed unless the Secretary of Labor certifies the existence of reasonable cause and approval of the investigation based on "specific credible evidence" from a "reliable source."

43. The Administrator expanded its investigation to encompass Aleutian Capital Partners H-1B employees other than Mr. Gangjee and issues outside Mr. Gangjee's aggrieved party complaint.

44. The Administrator failed to provide any such notice to Aleutian Capital Partners.

45. The Administrator never expressly determined as a matter of record that such notice would interfere with efforts to secure Aleutian Capital Partners' compliance.

46. The Secretary of Labor never certified the existence of reasonable cause to proceed with the investigation of Aleutian Capital Partners' H-1B employees based on the information uncovered during Wage and Hour's investigation of Mr. Gangjee's complaint.

47. The Administrator failed to comply with the requirements of an investigation based on "specific credible information" from a "reliable source."

48. The Administrator's expanded investigation into possible violations pertaining to Aleutian Capital Partners' H-1B employees other than Mr. Gangjee exceeded and/or did not

comply with its statutory authority. *Greater Missouri Medical Pro-Care Providers Inc. v. Thomas E. Perez*, 812 F.3d 1132 (8th Cir. 2015).

49. The Court should invalidate the ARB's Order because it is it is in excess of statutory authority, it is not in accordance with the law, it is unsupported by substantial evidence, and it is arbitrary, capricious, and an abuse of discretion.

50. Aleutian Capital Partners seeks a declaratory judgment that the DOL acted without authority in determining that Aleutian Capital Partners owed back pay for matters outside Mr. Gangjee's aggrieved party complaint including back pay to any H-1B employees other than Mr. Gangjee and Aleutian Capital Partners is, therefore, not obligated to pay back wages.

WHEREFORE, Plaintiff Aleutian Capital Partners LLC respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the Department of Labor acted outside its statutory authority in determining Aleutian Capital Partners owes back pay for matters outside Mr. Gangjee's aggrieved matter complaint to the one individual other than Mr. Gangjee and, therefore, Aleutian Capital Partners is not obligated to pay any such back wages. Aleutian Capital Partners further requests an award of its costs under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) & 5 U.S.C.A. § 504 et seq., and such other relief as the court shall deem appropriate.

## COUNT III
## <u>DECLARATORY JUDGMENT</u>

51. Aleutian Capital Partners incorporates by reference the allegations in all preceding paragraphs of this Complaint as if set forth herein.

52. Pursuant to 8 U.S.C.A. §1182(n)(2)(A), the Administrator may not conduct an investigation on a complaint unless the complaint was filed not later than twelve months after the date of the failure alleged in the complaint.

53. By law, the Administrator's investigation into potential violations was limited to those matters timely raised in Mr. Gangjee's complaint.

54. To the extent that Mr. Gangjee's aggrieved party complaint stated that Aleutian Capital Partners failed to pay him (or anyone else) the required wage, the aggrieved party complaint was submitted on or about January 13, 2013. The period covered by the investigation was August 15, 2011 through January 14, 2013.

55. The alleged failure to pay Mr. Gangjee occurred between August 15, 2011 and January 14, 2013.

56. The violation alleged by Mr. Gangjee for the period between August 15, 2011 and January 13, 2012 occurred before the relevant investigative period, thus, Mr. Gangjee was out of time to pursue any claims regarding pay for this period.

57. Mr. Gangjee's aggrieved party complaint did not state a timely claim for back pay for the period prior to January 13, 2012, thus the Administrator had no jurisdiction to investigate Mr. Gangjee's violation claim, whether for himself or any other Aleutian Capital Partners employee.

58.     The Court should invalidate the ARB's Order because it is it is in excess of statutory authority, it is not in accordance with the law, it is unsupported by substantial evidence, and it is arbitrary, capricious and an abuse of discretion.

WHEREFORE, Plaintiff Aleutian Capital Partners Medical Pro-Care Providers, Inc., respectfully requests the Court enter an order pursuant to 28 U.S.C.A. § 2201 declaring the Department of Labor acted outside its statutory authority in determining Aleutian Capital Partners owes back pay to Mr. Gangjee and others, and, therefore, Aleutian Capital Partners is not obligated to pay any back wage. Aleutian Capital Partners further requests an award of its costs under the Equal Access to Justice Act,  28 U.S.C.A. § 2412(d) & 5 U.S.C.A. § 504 et seq., and such other relief as the court shall deem appropriate.

Respectfully submitted,

s/Richard B. Solomon

Richard B. Solomon
RS5332
Law Office of Richard B. Solomon
427 Bedford Road, Suite 340
Pleasantville, NY 10570